UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Douglas Scientific, LLC, | ) | CASE NUMBER: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Manyara Biotech Pte. Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

_____

Plaintiff Douglas Scientific, LLC ("Douglas Scientific"), for its Complaint against

defendant Manyara Biotech Pte. Ltd. ("Manyara"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Douglas Scientific is a Minnesota limited liability company with a principal place

of business in Alexandria, Minnesota.

2.      Manyara is business entity organized under the laws of Singapore.

3.      This matter arises out of Manyara's breach of a Reseller Agreement between the

parties.  A true and correct copy of the Reseller Agreement is attached as **Exhibit A**.

4.      In Section 15.5 of the Reseller Agreement, the parties agreed that the Agreement

shall be governed by and construed in accordance with Minnesota law, and that exclusive

jurisdiction over disputes arising from or relating to the Agreement or any aspect of the

relationship between the parties shall be had in the state or federal courts in Hennepin County,

Minnesota.

5.    This Court has personal jurisdiction over Manyara because Manyara expressly consented to the personal jurisdiction of this Court in Section 15.5 of the Reseller Agreement. This Court also has personal jurisdiction over Manyara because it committed an act causing injury or damage to Douglas Scientific in Minnesota, and such injury or damage is the subject matter of this lawsuit.

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Venue is proper in this District because the Reseller Agreement upon which this action is based expressly states that any legal proceedings arising out of the Agreement shall be heard in the state or federal courts located in Hennepin County, Minnesota, and that each party waives any objection to such venue.

## NATURE OF DISPUTE BETWEEN THE PARTIES

8.    Douglas Scientific is a laboratory automation company that designs and manufactures laboratory instrumentation systems.

9.    On or around May 22, 2013, Douglas Scientific and Manyara entered into the Reseller Agreement, by which Manyara was appointed as a non-exclusive reseller and distributor of certain Douglas Scientific products.

10.    Under the Reseller Agreement, Manyara was to order all Douglas Scientific products by the issuance of a purchase order.

11.    On or around December 31, 2014, Manyara issued a purchase order to Douglas Scientific under the Reseller Agreement for the purchase of three Nexar Systems ("Nexars"), for

a total purchase price of $1,530,000.  A true and correct copy of the purchase order is attached as **Exhibit B**.

12.     Under the purchase order, Manyara agreed to make full payment for the Nexars as follows:

   a.  Five percent of the purchase price ($76,500) as a down payment and condition of shipping the Nexars;

   b.  Fifty percent of the purchase price ($765,000) no more than nine months after shipment or thirty days after sit acceptance testing ("SAT"), whichever occurs first;

   c.  Thirty-five percent of the purchase price within thirty days after SAT; and

   d.  Full payment by December 31, 2015.

13.     Douglas Scientific issued invoices to Manyara, consistent with the payment schedule outlined in the purchase order.  True and accurate copies of the invoices are attached as **Exhibit C**.

14.     In January 2015, Manyara made the $76,500 down payment required as a condition of shipping the Nexars.  Douglas Scientific subsequently shipped the Nexars to a warehouse in the State of Washington, as directed by Manyara.

15.     After Douglas Scientific shipped the Nexars to Manyara, Manyara failed to make any other payments required under the purchase order and related invoices.  Accordingly, Manyara is in default under the Reseller Agreement for failure to pay the balance due on its purchase of the Nexars.

16.     By letter dated December 22, 2015, Douglas Scientific terminated the Reseller Agreement due to Manyara's failure to pay for the Nexars as required under the parties'

3

agreement.  In its Termination Letter, Douglas Scientific demanded that Manyara return the Nexars to Douglas.  Since receiving the Termination Letter, Manyara has not returned the Nexars or made any effort to pay for them.

17.     Manyara currently owes Douglas Scientific the principal amount of $1,453,500, plus interest, in connection with its purchase of the Nexars.  Under the Reseller Agreement, Manyara also is obligated to pay Douglas Scientific: (a) interest on all amounts due and owing at a rate equal to the lesser of 1 percent per month or the greatest rate permitted by law; and (b) all reasonable costs and expenses incurred to collect the unpaid amount, including attorneys' fees.

## COUNT I: BREACH OF CONTRACT

18.     Douglas Scientific restates and realleges all prior paragraphs of this Complaint as if fully set forth by this reference.

19.     Douglas Scientific and Manyara entered into the Reseller Agreement, which was supported by valid consideration.

20.     Under the Reseller Agreement, Manyara agreed to pay Douglas Scientific for products ordered by Manyara pursuant to purchase orders accepted by Douglas Scientific.

21.     Douglas Scientific accepted Manyara's purchase order for the purchase of the three Nexars, pursuant to which Manyara promised to pay $1,530,000 to Douglas Scientific under a payment schedule set forth in the purchase order.

22.     Manyara breached the Reseller Agreement by failing to pay for the Nexars according to the payment schedule set forth in the purchase order.

23.     As a result of Manyara's breach of the Reseller Agreement, Douglas Scientific has been damaged in the amount of $1,453,500, plus interest, costs, and attorney's fees.

## COUNT II: UNJUST ENRICHMENT

24.     Douglas Scientific restates and realleges all prior paragraphs of this Complaint as if fully set forth by this reference.

25.     When it transferred the Nexars to Manyara, Douglas Scientific conferred a benefit upon Manyara.

26.     Manyara knowingly accepted and retained the benefits conferred upon it by Douglas Scientific.

27.     Allowing Manyara to accept and retain these benefits without providing a comparable benefit to Douglas Scientific would be unjust and inequitable.

28.     As a result of Manyara's actions and inactions, Douglas Scientific has been damaged in the amount of $1,453,500, plus interest, costs, and attorney's fees.

## COUNT III: CONVERSION

29.     Douglas Scientific restates and realleges all prior paragraphs of this Complaint as if fully set forth by this reference.

30.     Until the Nexars are paid in full, Douglas Scientific retains a property interest in the machines.

31.     Manyara has refused to return the Nexars to Douglas Scientific, despite demands for their return.

32.     Manyara's refusal to return the Nexars has deprived Douglas Scientific of its property rights in the Nexars.

33.     As a result of Manyara's actions and inactions, Douglas Scientific has been damaged in the amount of $1,453,500, plus interest, costs, and attorney's fees.

## COUNT IV:  PROMMISSORY ESTOPPEL

34.    Douglas Scientific restates and realleges all prior paragraphs of this Complaint as if fully set forth by this reference.

35.    Manyara promised to pay Douglas Scientific for the goods and services Douglas Scientific provided to Manyara, and in reliance on those promises, Douglas Scientific provided goods and services to Manyara.

36.    Manyara breached its promises by failing to pay Douglas Scientific the amount of $1,453,500, plus interest, costs, and attorney's fees.

## COUNT V:  ACCOUNT STATED

37.    Douglas Scientific restates and realleges all prior paragraphs of this Complaint as if fully set forth by this reference.

38.    Douglas Scientific established an account on behalf of Manyara and provided goods, services, and benefits to Manyara pursuant to that account.

39.    Manyara agreed to pay all amounts due and owing to Douglas Scientific under the account.

40.    Despite due demand, Manyara did not timely object to its account statement and has failed and refused to pay all of the amounts due and owing under the account.

41.    As a result of Manyara's failure to pay all of the amounts due and owing under the account, Douglas Scientific has been damaged in the amount of $1,453,500, plus interest, costs, and attorney's fees.

6

WHEREFORE, Douglas Scientific prays for judgment in its favor and against Manyara as follows:

1.     Awarding Douglas Scientific a money judgment against Manyara in the  amount of $1,453,500, or such other amount to be determined at trial, together with interest and an award of Douglas Scientific's costs, disbursements, and attorney's fees incurred in this action; and

2.     Such other and further relief as the Court deems just.


Dated this 19th day of February, 2016     **GRAY, PLANT, MOOTY,**
                                           **    MOOTY & BENNETT, P.A.**


                     _____/s/Brian A. Dillon_____
                     Brian A. Dillon (#0386643)
                     brian.dillon@gpmlaw.com
                     Daniel J. Ringquist (#0395856)
                     dj.ringquist@gpmlaw.com
                     Direct Phone: (612) 632-3299
                     Direct Fax: (612) 632-4299
                     500 IDS Center, 80 South 8th Street
                     Minneapolis, MN 55402
                     Office Phone: (612) 632-3000

                     **Attorneys for Douglas Scientific, LLC**

GP:4309919 v3

7