UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Scientific, LLC,

          Plaintiff,

v.

Manyara Biotech Pte., Ltd.,

          Defendant.

Case No. 16-cv-428 (PAM/TNL)

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment and Defendant's Motion to Set Aside the Clerk's Entry of Default. For the reasons stated at the hearing and those that follow, the Court grants Defendant's Motion and denies Plaintiff's Motion.

**BACKGROUND**

Plaintiff Douglas Scientific, LLC, is headquartered in Minnesota and makes laboratory equipment. Defendant Manyara Biotech Pte. Ltd. is headquartered in Singapore and sells laboratory equipment throughout southeast Asia, including China. Douglas and Manyara entered into a distributorship agreement, and then the relationship went awry. Douglas believes that Manyara breached the parties' agreements and owes Douglas money. Manyara thinks that Douglas breached the parties' agreements and owes Manyara money.

Douglas filed this lawsuit in February 2016, but did not serve Manyara with the Complaint until June 6, 2016. Three days after Manyara's answer was due, Douglas

moved for a clerk's entry of default against Manyara. Three days after securing the entry of default, Douglas moved this Court for a default judgment. Manyara responded with a motion to set aside the clerk's default.

**DISCUSSION**

A court may set aside the entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). Good cause in the context of Rule 55(c) requires consideration of the blameworthiness of the defaulting party, whether that party has a meritorious defense, and the prejudice to the other party if the default were set aside. Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661(8th Cir. 2015).

Douglas argues the merits of the case in opposing Manyara's Motion. For example, Douglas relies on what it calls the "indisputable evidence," but Manyara disputes much of that evidence. At this stage, the Court cannot resolve those disputes. Moreover, whether Douglas can establish that Manyara owes Douglas money is not relevant to Manyara's request to set aside the default. Manyara need only show that it has plausible or facially valid defenses to Douglas's claims. Manyara has met this burden.

Manyara's conduct in this matter is not blameworthy. It is a foreign company and does not have any offices in the United States. Thus, the fact that it took Manyara longer than usual to secure counsel in this country is not surprising. Neither is Douglas prejudiced by litigating a case it filed in the first instance. Manyara moved to set aside the default two months after it was served with the Complaint and less than one month

after the entry of default.  Douglas has suffered no prejudice from this short delay in commencing the litigation.

**CONCLUSION**

Manyara has established that the entry default should be set aside. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Default Judgment (Docket No. 12) is **DENIED**;

2. Defendant's Motion to Set Aside Entry of Default (Docket No. 17) is **GRANTED**;

3. The Clerk's Entry of Default (Docket No. 11) is **VACATED**; and

4. Defendant shall respond to the Complaint by September 15, 2016.

Dated:  August 31, 2016                                  *s/ Paul A. Magnuson*
                                                        Paul A. Magnuson
                                                        United States District Court Judge

3